# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

April 3, 2026

Lyle W. Cayce
Clerk

No. 25-60494
Summary Calendar

———————————

Montez Lesha Bishop,

*Plaintiff—Appellant*,

*versus*

Jimmy Bennett; Richard Kennedy; Ricky Rhodes,

*Defendants—Appellees*.

———————————————————

Appeal from the United States District Court
for the Southern District of Mississippi
USDC No. 3:24-CV-126

———————————————————

Before Jones, Richman, and Ramirez, *Circuit Judges*.

Per Curiam:[*]

Montez Lesha Bishop, federal prisoner # 14210-003, moves for leave to proceed in forma pauperis (IFP) in this appeal of the district court's sua sponte dismissal of his complaint—filed pursuant to *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971)—as frivolous and for failure to state a claim and the denial of his motion for reconsideration

———————————————

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

under Federal Rule of Civil Procedure 59(e).  The motion is a challenge to the district court's certification that the appeal is not taken in good faith.  *See Baugh v. Taylor*, 117 F.3d 197, 202 (5th Cir. 1997).

In his IFP pleadings, Bishop raises eight issues that are unrelated to the district court's sua sponte dismissal of his complaint on the ground that his claims were not cognizable under *Bivens*.  Accordingly, none of the issues he raises presents a nonfrivolous issue for appeal.  Moreover, he fails to address meaningfully the district court's reasons for the dismissal of his complaint.  Pro se briefs are afforded liberal construction.  *See Yohey v. Collins*, 985 F.2d 222, 225 (5th Cir. 1993).  Nevertheless, when an appellant fails to identify any error in the district court's analysis, it is the same as if the appellant had not appealed the decision.  *Brinkmann v. Dallas Cnty. Deputy Sheriff Abner*, 813 F.2d 744, 748 (5th Cir. 1987).

Because Bishop has failed to challenge any factual or legal aspect of the district court's dismissal of his complaint in a meaningful way, he has abandoned the critical issue of his appeal.  *See id*.  Thus, the appeal lacks arguable merit.  *See Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983).  Accordingly, the motion for leave to proceed IFP is DENIED, and the appeal is DISMISSED as frivolous.  *See Baugh*, 117 F.3d at 202 n.24; 5TH CIR. R. 42.2.

The district court's dismissal of Bishop's complaint for failure to state a claim and our dismissal of this appeal as frivolous count as strikes for purposes of 28 U.S.C. § 1915(g).  *See Adepegba v. Hammons*, 103 F.3d 383, 388 (5th Cir. 1996), *abrogated in part on other grounds by Coleman v. Tollefson*, 575 U.S. 532, 537 (2015).  Bishop is WARNED that if he accumulates three strikes, he will not be permitted to proceed IFP in any civil action or appeal filed while incarcerated or detained in any facility unless he is under imminent danger of serious physical injury.  *See* 28 U.S.C. § 1915(g).